IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 22-cr-00258-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    LISA ANNE HOMER,

    Defendant.

---

### ORDER ON MOTION FOR EARLY TERMINATION OF PROBATION

---

After participating in the attack on the United States Capitol on January 6, 2021,[1] Lisa Anne Homer, a/k/a Lisa Anne Boisselle ("Ms. Homer"),[2] pleaded guilty to and was convicted of one count of parading, demonstrating, or picketing in a Capitol Building. [Doc. 1-1 at 1]. She was sentenced to 36 months' probation. [*Id.* at 2]. Ms. Homer has served approximately 20 months of her 36-month sentence and now asks this Court to relieve her of the remainder of her sentence. [Doc. 9]. For the reasons set forth in this Order, the Motion for Early Termination of Probation is respectfully **DENIED**.

---

[1] *See* [Doc. 2-1 at 341–45].

[2] The Transfer of Jurisdiction and Judgment in a Criminal Case from the United States District Court for the District of Columbia name Ms. Homer as "Lisa Anne Homer." [Doc. 1 at 1; Doc. 1-1 at 1]. Ms. Homer refers to herself as Ms. Boisselle in her Motion, *see* [Doc. 9], but as "Ms. Homer" in her Reply, *see* [Doc. 14]; *see also* [Doc. 14-1 at 1, 3 (Ms. Homer using both names to refer to herself)]. The Court refers to Ms. Homer using the name reflected in the Judgment.

## BACKGROUND

On November 15, 2021, Ms. Homer was charged in the United States District Court for the District of Columbia with one count of entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); one count of disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); one count of disorderly conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D); and one count of parading, demonstrating, or picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). [Doc. 2-1 at 1]. A superseding Information was filed on July 12, 2022, charging one violation of 40 U.S.C. § 5104(e)(2)(G). [*Id.* at 169]. Ms. Homer pleaded guilty to that offense, [*id.* at 332–46], and was sentenced by the Honorable Trevor N. McFadden to 36 months' probation, [Doc. 1-1 at 2].[3] One of Ms. Homer's conditions of probation—a standard condition applicable to practically all probationers—is that she "must not knowingly leave the federal judicial district where [she is] authorized to reside without first getting permission from the court or the probation officer." [*Id.* at 3]. Jurisdiction over Ms. Homer's probation was transferred to this District on August 15, 2022. [Doc. 1 at 1].

Ms. Homer now asks this Court to terminate the remainder of her sentence. The United States Probation Office does not oppose Ms. Homer's request, *see* [Doc. 12], but the Government has filed a response in opposition to early termination, *see* [Doc. 13].

---

[3] Ms. Homer was also ordered to pay a $10 special assessment, a $5,000 fine, and $500 in restitution, and complete 60 hours of community service. [Doc. 1-1 at 4–5].

2

**LEGAL STANDARD**

By statute, a court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In so doing, the court must "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* Stated differently, a court may terminate a probationer's term early "*only if* the following three requirements are met: (1) early termination is warranted by 'the interest of justice;' (2) early termination is warranted by 'the conduct of the defendant;' *and* (3) early termination would be consistent with the applicable § 3553(a) factors." *United States v. Rader*, No. 22-cr-00057-RCL, 2024 WL 474535, at *2 (D.D.C. Feb. 7, 2024) (emphasis added); *see also United States v. Haley*, 500 F. Supp. 3d 6, 7 (W.D.N.Y. 2020) ("[P]ursuant to the express terms of § 3564(c), . . . the applicable factors set forth at 18 U.S.C. § 3553(a) *must* be considered, *and* the court *must* be satisfied that the early termination of probation 'is warranted by the conduct of the defendant and the interest of justice.'" (quoting 18 U.S.C. § 3564(c) (emphasis added)).

Under § 3553(a), a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, considering the following factors, among others:

> (a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). Whether to grant a motion to terminate probation is within the trial court's discretion. *United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022); *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003).

## ANALYSIS

In her two-page Motion, Ms. Homer represents that (1) she has been compliant with all of the conditions of her probation; (2) she has been placed in the "Low Risk Supervision" category by the Probation Office; and (3) she has completed at least half of her probationary sentence. *See* [Doc. 9 at ¶¶ 4–9]. She then asserts, with no supporting argument, that "for the[se] reasons" the remainder of her term of probation should be terminated. [*Id.* at 2]. She does not, however, address any of the § 3564(c) or § 3553(a) factors or meaningfully explain why early termination of her probationary sentence is warranted. *See generally* [*id.*].

None of the rationales furthered by Ms. Homer justifies terminating the remainder of her sentence. Courts routinely conclude that compliance with the conditions of probation is insufficient to warrant early termination of that probation. *See, e.g.*, *United States v. Hemphill*, No. 21-cr-00555-RCL, 2024 WL 578977, at *2 (D.D.C. Feb. 13, 2024) ("[C]ourts have typically held that defendants seeking early termination under § 3564(c) must demonstrate more than just compliance with the terms of probation." (collecting cases)); *United States v. Frankel*, No. 2:17-cr-00242-JFC, 2022 WL 17852029, at *5

4

(W.D. Pa. Dec. 22, 2022) ("Compliance with the conditions of probation . . . is *required* behavior while serving a term of supervised release."). Compliance with court-ordered terms of probation is expected of all probationers and is insufficient to justify terminating Ms. Homer's probation early. For the same reasons, neither Ms. Homer's placement in a low-risk supervision category nor her completion of half of her sentence convinces the Court that she should be relieved of the remainder of her sentence.

In her reply brief, Ms. Homer raises new arguments in favor of early termination that she neglected to raise in her Motion. She argues that early termination is appropriate because (1) she is required to give the probation officer two weeks' notice prior to traveling outside of Colorado, which has "greatly hindered and restricted the growth and success" of her business and her ability to develop a property in Arizona, [Doc. 14 at 1–2 ¶¶ 1–5]; (2) her parents and children live in other states, and the two-week-notice requirement for travel "has created a situation where [she] is unable to immediately respond to family emergencies," [*id.* at 2 ¶¶ 7–11]; (3) she has a "rich history of volunteer work around the Country as well as internationally," [*id.* at 3 ¶ 12]; and (4) the Probation Office supports early termination, [*id.* at 3 ¶¶ 14–15].

It is well settled that arguments raised for the first time in a reply brief are waived. *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011); *see also United States v. Walker*, 918 F.3d 1134, 1153 (10th Cir. 2019) ("[W]hether issues should be deemed waived is a matter of discretion."). Because Ms. Homer could have, but did not, raise these arguments in her Motion for Early Termination, the Court deems them waived and need not consider them. *See United States v. Huggins*, No. 1:08-cr-00094-MAC-CLS-3, 2024 WL 345483, at *2 (E.D. Tex. Jan. 29, 2024) (explaining that it is the defendant's

5

burden to demonstrate that early termination, which is "not warranted as a matter of course" and is only "occasionally justified," should be granted (quotations omitted)). But even if the Court were to consider these new arguments, they are insufficient to demonstrate that early termination of Ms. Homer's probation is appropriate.

As explained above, to justify terminating a probationary sentence early, the Court must find that early termination is (1) in the interest of justice; (2) warranted by Ms. Homer's conduct; *and* (3) consistent with the applicable § 3553(a) factors. *Rader*, 2024 WL 474535, at *2.

"The 'interest of justice' phrase '[gives] the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period,' . . . or in this case, probation period." *Hemphill*, 2024 WL 578977, at *4 (quoting *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)). Ms. Homer argues that the interests of justice warrant early termination because "she has suffered undue hardship as the result of probation [in] three main areas: employment, family, and community involvement" due to her travel restrictions. [Doc. 14 at 8 ¶ 5].

The Court respectfully rejects Ms. Homer's characterization of any hardship caused by her travel restrictions as "undue." *See Undue*, Black's Law Dictionary (11th ed. 2019) (defining "undue" as "[e]xcessive or unwarranted"). Any burden caused by Ms. Homer's travel restrictions (or any other conditions of her probation) is not excessive or unwarranted; it is simply a standard consequence of Ms. Homer's conduct and conviction and is inconvenient, at worst. *Cf. Whittingham v. United States*, No. 12-cr-00971-RJS, 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017) ("[T]he mere inconvenience of [obtaining permission to travel] is clearly not a valid basis for terminating [the defendant's]

6

supervision."); *United States v. Black*, No. 10-cr-00303-RJA, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013) ("While defendant Black argues that his travel restriction is having a negative effect on his business, he does not establish more than that the travel-approval process is inconvenient.  For example, defendant reports no specific instance when the travel-approval process has had a concrete negative effect on his business, no instance when he sought and was denied expedited approval for important business travel, and he reports no efforts on his part to mitigate negative effects his business is suffering.").  If emergency circumstances requiring immediate travel were to arise, Ms. Homer could file, through counsel, a motion to temporarily modify the conditions of her probation to account for those emergency circumstances.  And if Ms. Homer seeks to permanently relocate outside of the District of Colorado, *see, e.g.*, [Doc. 14 at 2 ¶ 6 ("Ms. Homer . . . intends to sell her home and move to Arizona due to a lucrative job opportunity for her boyfriend.")], this similarly may be accomplished by simply asking permission.  *See Frankel*, 2022 WL 17852029, at *5 (finding that the defendant's desire to relocate to California did not justify early termination, as "[t]he probation officer w[ould] . . . be able to request the transfer of supervision to a federal district in California to the extent [he] desires to relocate").

It is also material to this Court's analysis that Ms. Homer is not serving a period of supervised release after a period of incarceration—her term of probation *is* her sentence. *See Hartley*, 34 F.4th at 923 n.1 ("Unlike supervised release, which is imposed in addition to imprisonment, probation is imposed in lieu of imprisonment." (quotation omitted)).  In this case, "[t]he interest of justice might arguably *disfavor* early termination, because that would result in the defendant ultimately receiving an amount of punishment less than what

7

[Judge McFadden] initially found appropriate under the § 3553(a) factors." *Hemphill*, 2024 WL 578977, at *4. Based on the record before the Court, Ms. Homer has not shown that the interests of justice favor early termination.

Although the Court has found that Ms. Homer cannot satisfy all of the requirements to justify the early termination of her probation, the Court nonetheless considers whether early termination is warranted by Ms. Homer's conduct. *Rader*, 2024 WL 474535, at *2. Ms. Homer highlights her good behavior on supervision, her lack of criminal history, and the fact that the Probation Office supports her request. [Doc. 14 at 3 ¶¶ 12–14, 9 ¶¶ 4–5]. The Court acknowledges that Ms. Homer has had success on supervision, but as explained above, it is unpersuaded that compliance with court-ordered conditions should lead the Court to eliminate those conditions. And although Ms. Homer highlights her community service, *see* [*id.* at 3 ¶ 12; Doc. 14-1 at 1 ("To complete my community service requirement, I made blankets for the homeless Native Americans here in Colorado Springs.")], there is no indication that she has engaged in community service to positively contribute to respect for the government or to address concerns regarding violent forms of protests. Finally, while the Court has the utmost respect for the Probation Office, its support for Ms. Homer's request does not change this Court's calculus. *See United States v. Syed*, No. 22-cr-01395-WJ, 2024 WL 655911, at *1 n.1 (D.N.M. Feb. 16, 2024) (noting that "the recommendation of Probation is not an enumerated Section 3553(a) factor the Court must consider"); *Huggins*, 2024 WL 345483, at *2 (non-opposition from the government and probation officer was not sufficient to justify early termination); *cf. United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do

8

not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's.").

Finally, the Court turns to the § 3553(a) factors. *Rader*, 2024 WL 474535, at *2. While Ms. Homer insists in her Reply that early termination is consistent with the applicable § 3553(a) factors, she does not clearly address any specific factor, instead stating only that she has taken her probationary period seriously and has taken responsibility for her actions. *See* [Doc. 14 at 10–11]. The Court will construe this assertion as addressing the history and characteristics of Ms. Homer and the need to protect the public from further crimes of Ms. Homer. But even assuming, without deciding, that these factors support early termination, Ms. Homer has not demonstrated that the § 3553(a) factors as a whole weigh in her favor. For example, Ms. Homer does not raise *any* argument about the nature and circumstances of her offense or the need for the sentence to reflect the seriousness of her offense. Nor does she address the need for deterrence as articulated in § 3553(a)(2)(B).

There is no doubt that Ms. Homer's underlying offense was serious. Her illegal entry into the United States Capitol

> directly contributed to the Congress's need to recess to ensure the safety of its members. Indeed, entering the Capitol as part of a crowd rather than as a lone individual magnified the disruptiveness of [her] presence. Each additional person, no matter how modestly behaved, increased the chaos within the building, the police's difficulty in restoring order and the likelihood of interference with the Congress's work.

*United States v. Alford*, 89 F.4th 943, 953 (D.C. Cir. 2024); *see also United States v. Little*, No. 21-cr-00315-RCL, 2024 WL 386718, at *3 (D.D.C. Jan. 25, 2024) ("[E]ven those who say they simply wandered around the building still played a meaningful role in the events

9

of [January 6, 2021].").  "For the offense of parading in a Capitol building, it is difficult to imagine more serious circumstances than the January 6 insurrection."  *United States v. Krauss*, No. 23-cr-00034-JEB-1, 2023 WL 7407302, at *3 (D.D.C. Nov. 9, 2023).  Ms. Homer's otherwise law-abiding conduct outside the realm of her criminal case does not negate the conduct that put Ms. Homer in federal court.

Furthermore, terminating Ms. Homer's probationary sentence early would fly in the face of § 3553(a)'s directive that courts must impose a sentence "sufficient, but not greater than necessary, to . . . reflect the seriousness of the offense" and "provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  At sentencing, the Government requested that Ms. Homer be sentenced to 30 days' incarceration followed by 36 months' probation, *see* [Doc. 2-1 at 291], while Ms. Homer requested a probationary sentence, [*id*. at 251].  In fact, Ms. Homer took the position that probation was a "sufficient, *but not greater than necessary*" sentence for her crime.  [*Id.* at 244 (emphasis added)].  The sentencing judge agreed with Ms. Homer and imposed a probationary sentence.  [Doc. 1-1 at 2].

Ms. Homer does not attempt to explain why cutting her sentence in half would still leave her with a sentence that reflects the seriousness of and provides just punishment for her offense.  Ms. Homer traveled from Arizona to Washington, D.C. to participate in a "political rally" on January 6, 2021.  [Doc. 2-1 at 246].  At approximately 12:00 p.m. that day, Ms. Homer went to the United States Capitol.  [*Id.*].  She then breached the United States Capitol, walking through the Crypt and an area that leads down to the Capitol Visitor Center.  [*Id.* at 247].  Judge McFadden decided that a 36-month term of probation was sufficient, but not greater than necessary, to satisfy the requirements of § 3553(a)(2),

and Ms. Homer has not convinced the Court that it should disturb that ruling. *See United States v. Pryer*, No. 21-cr-00667-RCL-2, 2024 WL 1050638, at *6 (D.D.C. Mar. 11, 2024) (denying motion for early termination of probation because "early termination would prevent [the defendant] from completing the punishment the Court deemed appropriate when imposing her sentence"), *appeal docketed*, No. 24-3037 (D.C. Cir. Mar. 18, 2024).

Finally, Ms. Homer does not address how serving half of her probationary sentence would impact the deterrent value of such sentence. While she now regrets her participation in the breach of the United States Capitol on January 6 and her affiliation with the Proud Boys, and she states that she has no desire to participate in any violence, *see* [Doc. 14-1 at 3], these facts do not address the need to deter others from participating in violent forms of protest.

For all of these reasons, early termination of Ms. Homer's probation is not warranted. The Motion for Early Termination is respectfully **DENIED**.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1) The Motion for Early Termination of Probation [Doc. 9] is **DENIED**.

DATED: April 15, 2024                         BY THE COURT:

_____
Nina Y. Wang
United States District Judge